UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMIE DACONCEICAO, | ) | CASE NO. 5:25 CV 2124 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| TUSCARAWAS CTY. DEPT. OF | ) | AND ORDER |
| JOB AND FAMILY SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Jamie DaConceicao filed this action under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA") and the Rehabilitation Act, 29 U.S.C. § 794 ("RA") against the Tuscarawas County Department of Jobs and Family Services, Caseworker Malissa Canterero, Caseworker Supervisor Toni Anderson, and John Doe Unknown Employees of the Tuscarawas County Department of Children and Family Services.[1]  She also asserts nine claims arising under state law.  In the Complaint, Plaintiff alleges her children are in the temporary custody of the Tuscarawas County Department of Jobs and Family Services.  She objects to the care her son received in their care and contends she has not been permitted to have contact with her daughter for over a year.  She seeks an Order from this Court enjoining the Defendants' participation in a permanency hearing held October 21, 2025, and reinstating reasonable visitation and communication with her daughter.  She also seeks monetary damages.

---

[1] Plaintiff refers to this organization both as the Department of Jobs and Family Services and the Department of Children and Family Services.

Plaintiff filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## I.      Background

Plaintiff's Complaint is disjointed and lacks factual allegations needed to fully comprehend her Complaint. She states that she is the biological parent of NM, who resides in Belmont County, and JW residing in Hamilton County. It appears from the context of allegations that the Tuscarawas County Department of Jobs and Family Services took temporary custody of Plaintiff's minor son and daughter. Plaintiff does not allege any facts pertaining to the circumstances under which they were taken, when they were taken, or even if they were in her care when they were taken. She states that she has not had visitation or telephone contact with her daughter in over a year. She does not elaborate on this statement and there is no indication of the circumstances under which those decisions were made or by whom they were made. She states that in July 2025, the Defendants told her son that he would be moved permanently to another home. She states that the Defendants filed the Motion for Permanent Custody in August 2025. She claims that the Defendants failed to provide her son with his necessary psychotropic medication for six days, causing a severe deterioration of his mental health. She claims this led to him making poor decisions which result in his arrest.

Plaintiff asserts six claims arising under federal law, which she separates into four Counts for relief. In Count I, she asserts that the Defendants denied her substantive due process by denying all contact with her daughter. She contends this deprived her of her fundamental right to maintain a parent-child relationship. She also claims her son was denied substantive due process when he was deprived of his medication for six days, which she contends led to his arrest. In Count II, Plaintiff asserts that the Defendants were deliberately indifferent to her son's serious medical needs. In Count III, Plaintiff asserts that her son was unlawfully arrested in violation of the Fourth

and Fourteenth Amendments. Finally, in Count IV, Plaintiff asserts that her son is a qualified individual with a disability and was wrongfully denied medication, placement supports, and behavioral health intervention in violation of the ADA and the RA. Plaintiff asks this Court to enjoin the Defendants from proceeding with the permanency hearing, reinstate visitation and communication with her daughter, and award her monetary damages.

**II.     Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not

meet this pleading standard.  *Id*.  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

### III. Analysis

As an initial matter, Plaintiff lacks standing to assert violations of her son's rights.  A party must assert her own legal rights and interests and cannot rest her claim to relief on the legal rights or interests of third parties.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975);  *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985).  The fact that Plaintiff may be collaterally affected by the adjudication of her son's rights does not necessarily extend the Court's Article III powers to her.  *Allstate Insurance Co*., 760 F.2d at 692.  She cannot raise his claims as her own.  Because her claims in Counts II, III, and IV assert violations of her son's rights, these claims must be dismissed.  The claims in Count I pertaining to her son's arrest also must be dismissed.

The remaining part of Count I asserts a denial of Plaintiff's fundamental right to the parent-child relationship.  There is no doubt that under the constitution, the parent-child relationship gives rise to a liberty interest of which a parent may not be deprived absent due process of law.  *Kottmyer v. Maas*, 436 F.3d 684, 689-90 (6th Cir. 2006).  That right, however, is limited by an equally compelling governmental interest in the protection of children, particularly where the children need to be protected from their own parents.  *Id*.  Governmental entities have a "traditional and transcendent interest" in protecting children within their jurisdiction from abuse.  *Maryland v. Craig*, 497 U.S. 836, 855 (1990).  Therefore, while parents do have a constitutionally protected interest in  maintaining their family integrity, this interest is counterbalanced by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is necessary as against the parents themselves.  *Kottmyer*, 436 F.3d at 689-90.

Here, Plaintiff alleges so few factual allegations that it is impossible to determine what took place and why it took place. She does not even allege that she had physical or legal custody of the children when they were placed in the temporary custody of the Defendants. Her substantive due process claim is stated solely as a legal conclusion. Legal conclusions are not sufficient to state a claim. *Iqbal*, 556 U.S. at 678.

Finally, Plaintiff's remaining nine claims arise, if at all, under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

Moreover, state employees are immune from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the ... employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless ... the ... employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 9.86. The Ohio Court of Claims, however, has the "exclusive, original jurisdiction to determine, initially, whether the ... employee is entitled to personal immunity under section 9.86 ...." Ohio Rev. Code § 2743.02(F). Federal courts, including this Court, therefore cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims determines that the employee is not entitled to immunity under Ohio Revised Code § 9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Accordingly, unless and until the Ohio Court of Claims decides that Malissa Canterero, Toni

Anderson, and/or John Doe Employees of Tuscarawas County may not invoke immunity from civil liability conferred by Ohio Revised Code § 9.86, this Court has no jurisdiction to consider the state law claims asserted against them.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted, and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

<u>December 29, 2025</u>         */s/ John R. Adams*
DATE                              JOHN R. ADAMS
                                  UNITED STATES DISTRICT JUDGE

---

[1]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.